UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| TIMOTHY HANSON, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 17-10862-ADB |
| v. | ) ) | |
| APPLE, INC., et al., | ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, Plaintiff has until August 31, 2017 to demonstrate good cause why this case should not be dismissed and file any opposition to the pending motion to dismiss.

## BACKGROUND

Plaintiff Timothy Hanson ("Hanson"), a resident of Natick, initiated this action on May 15, 2017, by filing his self-prepared complaint accompanied by a motion to appoint counsel. At that time, Hanson paid the filing fee and summons were issued for service of Defendants Apple, Uber and Lyft. As best can be gleaned from the complaint, Hanson alleges that around the time he became a driver for Uber and Lyft, he discovered that Uber began a new program exactly one day after he presented Apple with the idea for such a new program. Hanson believes that Apple took his idea and impermissibly shared his idea with Uber.

By Electronic Order dated June 27, 2017, Hanson's motion to appoint counsel was denied.

Apple moved to dismiss the complaint pursuant to Rules 8, 12 and 41 of the Federal

Rules of Civil Procedure.  To survive a motion to dismiss under Rule 12(b)(6), the complaint

must establish "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559

(2007); see also San Geronimo Caribe Project, Inc. v. Acevedo-Vila, 687 F.3d 465, 471 (1st Cir.

2012) ("we are not bound to accept as true a legal conclusion couched as a factual allegation,"

"nor do we consider "naked assertion[s] devoid of further factual enhancement") (internal

citations omitted)).   "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

A plaintiff's complaint need not provide an exhaustive factual account, only a short and

plain statement.  Fed. R. Civ. P. 8(a).  However, the allegations must be sufficient to identify the

manner by which the defendants subjected the plaintiff to harm and the harm alleged must be one

for which the law affords a remedy.  Iqbal, 556 U.S. at 678.

## DISCUSSION

Now pending are Apple's motion to dismiss and supporting memorandum.  Apple argues

that the complaint, among other things, fails to set forth factual allegations and claims that would

permit Apple to file an adequate response.  The Court finds that the claims against Uber and Lyft

suffer from many of the same deficiencies as noted in Apple's pleadings.

Here, the deadline for filing an opposition to Apple's motion to dismiss was on or about

June 30, 2017.  See U.S. Dist. Ct. Rules D. Mass., Rule 7.1(B)(2) (14–day period).  Hanson has

failed to file an opposition by this deadline.  Before ruling on Apple's motion, Hanson will be

granted additional time to file an opposition and to show good cause why this case should not be

dismissed.

ORDER

Accordingly, Hanson has until August 31, 2017 to demonstrate good cause why this case

should not be dismissed for the reasons stated above and file any opposition to the pending

motion to dismiss. Failure to do so may result in immediate dismissal of this case.

**SO ORDERED.**

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

Dated: August 16, 2017